UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| STEPHEN A. KEATING | ) | |
| | ) | |
| v. | ) | CV 214-182 |
| | ) | (Underlying CR212-023) |
| UNITED STATES OF AMERICA | ) | |

### GOVERNMENT'S MOTION TO DISMISS
### KEATING'S 28 U.S.C. § 2255 MOTION

The United States of America, by and through its counsel Edward J. Tarver, United States Attorney for the Southern District of Georgia, hereby moves to dismiss Stephen A. Keating's 28 U.S.C. § 2255 motion. (Doc. 49.)[1] That motion is untimely.

### Background

A federal grand jury for the Southern District of Georgia returned two indictments against Keating in December 2012. The first charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (United States v. Keating, CR 212-022, Doc. 1.) The second charged him with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a); distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1.)

---

[1] All citations, unless otherwise indicated, are to documents in United States v. Keating, CR 212-023.

In February 2013, Keating pleaded guilty to four counts of sexual exploitation of a minor pursuant to a plea agreement with the government.[2] (Docs. 18, 19.) In exchange, the government agreed to dismiss the remaining counts pending against him in both indictments. (Doc. 19.) This Court sentenced him to serve 1,320 months in prison. (Doc. 37-Pg. 2.)

Judgment was entered on September 6, 2013. (Doc. 37.) Keating did not appeal.[3] His conviction became final on September 20, 2013, when the 14-day period for him to file a direct appeal expired. See Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000); Fed. R. App. P. 4(b)(1)(A) & 26 (2013 ed.). He filed this § 2255 motion on or about December 16, 2014. (Doc. 49-Pg. 15.) He remains incarcerated at the United States Penitentiary in Tucson, Arizona.

---

[2]  Keating claims that his attorney advised him "to plead guilty wholly in the absence of any form of plea agreement" and "to enter a plea of guilty in open court in the absence of a plea agreement," and that his attorney "created an absolute void where a plea agreement should have been pursued." (Doc. 63-Pgs. 4-5; see also Doc. 49-Pg. 10.) He claims that he "plead [sic] guilty absent a negotiated plea agreement." (Id. at 5.) None of that is true. His attorney negotiated a plea agreement, and Keating entered his guilty plea pursuant to that agreement. (Docs. 17, 18, 19.)

[3]  In some portions of his §2255 motion, Keating seems to claim that his attorney did appeal, that his attorney submitted a brief on appeal pursuant to Anders v. California, 386 U.S. 264, 87 S. Ct. 1032 (1967), and that the Court erred by not undertaking a de novo review of the record before permitting his counsel to withdraw. (Doc. 49-Pgs. 7-8; Doc. 63-Pg. 9.) No appeal was filed. Keating's attorney filed a motion to withdraw in this Court in January 2015, after Keating filed his § 2255 motion and accused him of being ineffective in a variety of ways. (Doc. 61.) That motion, and this Court's resolution of it, had nothing to do with any appeal.

## Discussion

Keating's motion is subject to the deadline set out in 28 U.S.C. § 2255(f)(1),[4] which requires that the motion be filed within a year from "the date on which the judgment of conviction becomes final." Keating's conviction became final on September 20, 2013. The § 2255(f)(1) deadline expired a year later, on or about September 20, 2014.[5] His motion was mailed on December 16, 2014, almost three months after the deadline expired. (Doc. 49-Pg. 15.) "A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day." United States v. Locke, 471 U.S. 84, 101 (1985); see also Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (affirming denial of § 2255 motion filed two days late). His motion should be dismissed on that basis.

## Conclusion

For the foregoing reasons, Keating's § 2255 motion should be dismissed as untimely.

---

[4] Keating makes no allegation that some governmental impediment prevented him from filing his motion earlier, that a new Supreme Court decision renders his motion timely, or that he recently discovered new facts relevant to his claims, so the deadlines set out in § 2255(f)(2), (f)(3) and (f)(4) do not apply.

[5] Keating seems to believe that his deadline for filing this motion was "December 29, 2014." (Doc. 49-Pg. 15.) He does not explain why he thinks that, and the government cannot conceive of a reason.

Date:  March 4, 2015.

                                            Respectfully submitted,

                                            EDWARD J. TARVER
                                            UNITED STATES ATTORNEY

                                            ***/s/ R. Brian Tanner***

                                            R. Brian Tanner
                                            Assistant United States Attorney
                                            Georgia Bar No. 697615

P.O. Box 8970
Savannah, Georgia 31412
912-652-4422

4

# CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court. Additionally, a copy has been mailed to:

Stephen A. Keating, Reg. No. 17704-021
USP Tucson
P.O. Box 24550
Tucson, AZ  85734

This 4th day of March, 2015.

                                    EDWARD J. TARVER
                                    UNITED STATES ATTORNEY

                                    */s/ R. Brian Tanner*

                                    R. Brian Tanner
                                    Assistant United States Attorney
                                    Georgia Bar No. 697615

P.O. Box 8970
Savannah, Georgia 31412
912-652-4422